**TITAN CORPORATION, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of the Army, Appellee.**

**No. 97–1299.**

United States Court of Appeals, Federal Circuit.

Nov. 24, 1997.

William L. Bruckner, Bruckner & Walker, San Diego, California, for appellant.

Reginald T. Blades, Jr., Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, for

appellee. With him on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Sharon Y. Eubanks, Deputy Director. Of counsel on the brief was Lewis H. Burke, Trial Attorney, Office of Counsel, Corps of Engineers, Department of the Army, of Vicksburg, Mississippi.

Before RICH, NEWMAN, and SCHALL, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Titan Corporation appeals the decision of the Armed Services Board of Contract Appeals,[1] denying its claim for reimbursement of certain costs incurred in performance of a contract with the Department of the Army. The Board denied the claim, based on failure of the subcontractor to comply with the Limitation of Costs provision. We affirm the Board's decision.

## BACKGROUND

California Research & Technology, Inc. (CRT), now a division of Titan, entered into a cost plus fixed fee contract with the Army Corps of Engineers for research and development services related to the behavior of geological materials subject to blast and shock. The estimated cost of the contract was $108,737, and the fee was fixed at $9,678. CRT subcontracted part of the work, also by cost plus fixed fee contract, to Applied Theory, Inc. (ATI). The subcontract stated an estimated cost of $28,920 and a fee of $2,603. Both the CRT contract and the ATI subcontract contained the Limitation of Costs clause, FAR 52.232–20, 48 C.F.R. § 52.232–20, which limits the government's payment to the costs as originally estimated unless the contractor notifies the government of any prospective overrun in advance. The contractor must

notify the Contracting Officer in writing whenever it has reason to believe that—

(1) The costs the Contractor expects to incur under this contract in the next 60 days, when added to all costs previously incurred, will exceed 75 percent of the

---

1. *Titan Corp. v. West*, ASBCA No. 49865, 97–1 BCA ¶ 28,679.

estimated cost specified in the Schedule; or

(2) The total cost for the performance of this contract ... will be either greater or substantially less than had been previously estimated.

FAR 52.232–20(b). The contractor is not obligated to continue performance or otherwise to incur costs in excess of the estimated cost unless

the Contracting Officer (i) notifies the Contractor in writing that the estimated cost has been increased and (ii) provides a revised estimated total cost of performing this contract.

FAR 52.232–20(d)(2). The contractor's right to refuse work that will exceed estimated costs extends to work made necessary by changes ordered by the government. FAR 52.232–20(g).

Following completion of the subcontract in February 1989 and the prime contract in May 1990, ATI's costs were audited in 1990 by the Defense Contract Audit Agency (DCAA). The audit report, which was provided to ATI in February 1991, confirmed the rates of indirect costs that ATI now claims. These costs totalled $11,624.82 more than the estimated indirect costs stated in the contract. (In addition, ATI claims $2,025.49 of direct costs due to a change ordered by the government.) ATI requested reimbursement for these sums. This request, which was the first notice to the government of any increased costs of ATI's performance, was made more than a year after completion of the work in which the costs were incurred. The contracting officer denied the claim, holding that ATI should have been monitoring its costs and known of the overrun before it occurred. The Board affirmed, holding that ATI "failed to prove that the overrun was unforeseeable either for the basic contract work or for the alleged changed work." This appeal followed.

## DISCUSSION

■ The Board's interpretation of a contract is not final, and is subject to *de novo* review on appeal, although due respect is often warranted by the Board's experience in interpreting the Federal Acquisition Regulations (FAR). *See Alvin, Ltd. v. United States Postal Serv.,* 816 F.2d 1562, 1564 (Fed. Cir.1987). Findings of disputed facts receive deferential review in accordance with the terms of the Contract Disputes Act, 41 U.S.C. § 609(b). In dispute was the question of foreseeability, relevant to ATI's obligations under FAR 52.232–20(d)(2).

■ Titan states, and the DCAA audit confirmed, that during the period of contract performance ATI's overhead and administrative costs increased. Titan argues that the estimated rates when the contract was entered did not become final until the DCAA audit, which was well after completion of contract performance. Titan points out that it is a generally accepted accounting principle that provisional costs are not deemed final until after an audit, and thus that ATI can not have known of the overrun in indirect costs. Titan states that ATI received the DCAA audit report in February 1991 and promptly informed the Army that its indirect costs had increased from the provisional rates set in the contract. Titan argues that ATI's enlarged costs were unforeseeable in that it could not know with certainty what the final overhead costs would be until the DCAA completed its audit. The Limitation of Costs clause forgives failure of notice if the additional costs were unforeseeable, *RMI, Inc. v. United States,* 800 F.2d 246, 248 (Fed.Cir.1986) (" '[I]f the contractor has no reason to believe that an overrun is imminent, he is not required to give notice.' ") (quoting *General Electric Co. v. United States,* 194 Ct.Cl. 678, 440 F.2d 420, 423 (1971)). However, the contractor has the burden of proving that its overrun was unforeseeable. *Id.*

The government points out that the DCAA audit made no changes in ATI's accounted costs, and that ATI had accounting information about its costs during contract performance and before the audit. The notice clause does not require a precise statement of any prospective cost overrun; notice is required when the contractor "has reason to believe" that it will exceed the estimated costs. The Board found, and Titan does not dispute, that the overhead and G & A rates